IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CASE NO. 17-00127-CG-N |
| | : | |
| | : | |
| JAMES D. ROBERTSON, | : | |
| Defendant. | | |

ORDER

This action is before the Court on the Government's Motion for Detention. (Doc. 3). A detention hearing was held before the undersigned Magistrate Judge on July 10, 2017. Present at the hearing were the defendant, James D. Robertson, along with his counsel of record Barry Dumas, Esq., and Assistant United States Attorney Maria Murphy. Upon careful review of the Court file, including the pretrial services report, along with the evidence presented at the detention hearing, the Court, for the reasons that follow, grants the Government's motion to detain.

BACKGROUND

Defendant Robertson, age 53, is charged by way of a three count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant has no prior criminal history and reports that he has been on disability since 2004. Defendant reports some

1

side employment in Marengo and Clarke Counties as a radio consultant. At the time of the incidents made the basis of the indictment, Defendant was working as an adult volunteer at Demopolis High School.[1]

ANALYSIS

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3242(f), and upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding that the defendant is *either* a flight risk or a danger to the community is sufficient to detain the person pending trial. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). In making this determination, the Court considers the following § 3142(g) factors: (1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

---

[1] Defendant was arrested on February 22, 2017 in Marengo County, Alabama and charged with being a school employee having sexual contact with a student; soliciting a sex act with a student, and six counts of distributing obscene material at a school. Defendant was released on bond on February 24, 2017 and is currently scheduled to be arraigned on the state charges on July 27, 2017.

2

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Because defendant is alleged to have committed a crime concerning the exploitation of a child as referred to in Title 18, United States Code, Section 3142(e), a statutory presumption weighing against the defendant's pretrial release arises. 18 U.S.C. § 3142(e)(2), (f)(1); *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). Once invoked, the defendant is obliged to produce evidence to rebut that presumption. *United States v. Niles*, 874 F. Supp. 1372, 1374 (N.D. Ga. 1994) (citing *United States. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). If the defendant is successful, "the presumption does not disappear, but rather becomes evidence to be weighed, along with other evidence, as suggesting a risk of flight or risk of danger." *Id*.

The United States moves for detention based on risk of flight and danger. The undersigned will address each in turn.

*Risk of Flight*

The United States argues that the Defendant is a risk of flight on the grounds, in sum, that he had a gun in his possession at the time of his arrest and he is on prescriptions for anxiety and depression and a likely threat to

himself.[2] Defendant is a lifelong resident of Demopolis, Alabama and reports that he has been purchasing a home there since 1995. Defendant's mother, Rita Robertson, resides in Demopolis and testified that she has regular contact with her son. Defendant is currently in divorce proceedings with his wife and has one adult son from that marriage. The undersigned finds that the Defendant has rebutted the presumption as to the risk of flight issue.

*Danger*

The United States also moves for detention on the grounds that Defendant presents a danger to himself and to the community. The weight of the evidence against Defendant is strong. Detective Chris Mitchell testified that Defendant volunteered at Demopolis High School in February 2017 at the time of the incidents made the basis of the indictment. Detective Mitchell testified that Defendant had sexual contact with a 16 year old female student and sent photographs of his genitalia to the girl. He further testified that the investigation revealed that he sent similar images of his genitalia to an 18 year old female student. Detective Mitchell further testified that four or five pornographic videos were found in Defendant's possession and the videos depicted a young child (7-9 years of age) either asleep or unconscious being assaulted by an adult male.

As to Defendant's mental health, he advised that he is currently on prescription medications for pain, anxiety and depression. Although disputed

---

[2] The argument that Defendant poses a danger to himself is more appropriate in the context of the court's determination that he is a danger rather than a risk of flight.

4

by Mrs. Rita Robertson, Detective Mitchell testified that the investigating police officer from Demopolis, AL reported that Defendant's mother expressed concerns about his mental health. [3] Detective Mitchell further noted that at the time of his arrest Defendant had a gun in his possession.

Defendant's mother was offered as a 3rd Party Custodian. She testified that she is retired, lives alone and would allow Defendant to reside with her pending the resolution of his charges. Mrs. Robertson noted that she recently lost her eldest son and is suffering understandable grief.

Based on the evidence presented at the detention hearing the undersigned finds that the Defendant has not rebutted the presumption of detention. The undersigned finds that the weight of the evidence against Defendant is compelling. Moreover, Defendant faces a significant period of incarceration if convicted of the alleged offense. In addition, Defendant is currently being treated for mental health issues that are likely exacerbated by the current charges. Finally, although Defendant is not charged in this Court with having physical contact with a minor, he is charged with that crime in state court and it is a factor the Court must weigh in considering the danger he poses to the community.

For the reasons set forth above, the undersigned finds, by clear and convincing evidence, that there are no conditions or combination of conditions

---

[3] Specifically, that the Defendant was paranoid and there appeared to be a marked change in his mental health. Defendant's mother, Rita Robertson conceded that the current circumstances were troubling to her son but denied characterizing her son as paranoid.

that will reasonably assure the safety of the community. Thus, the Government's Motion to Detain (doc. 3) is granted.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this the 11th day of July 2017.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**