IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DERRICK ROBERTSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIV. A. NO. 18-00539-CG |
| v. ) | |
| ) | CRIM. A. NO. 17-0127-CG-MU-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

On December 22, 2018, Petitioner James Derrick Robertson filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 85). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R). In his motion, Petitioner alleges, *inter alia,* that he made known to his counsel, after sentencing, that he wanted his plea set aside and to appeal. (*Id.* at pp. 5-6). Petitioner allegedly refused to sign the notice of non-appeal, a notice of non-appeal was not filed, and no direct appeal was filed. (Doc. 85 at pp. 5-6; Docket Sheet). Petitioner seeks to have his judgment set aside or, in the alternative, for this Court to allow an out of time appeal of the judgment. (*Id.* at p. 7).

The United States Supreme Court has held that, "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). The Court, in *Garza*,

further held that "the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether the defendant has signed an appeal waiver." *Id*.

In light of this holding, the United States has conceded that Petitioner's § 2255 motion should be granted to permit him to file an out-of-time direct appeal with the Eleventh Circuit. (Doc. 90 at p. 2). Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 85) be **GRANTED** to permit Petitioner to file an out-of-time appeal with the Eleventh Circuit.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **6th** day of **May, 2019**.

                                                  s/P. BRADLEY MURRAY
                                                  **UNITED STATES MAGISTRATE JUDGE**