IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DERRICK ROBERTSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CIV. A. NO. 18-00539-CG <br><br> CRIM. A. NO. 17-0127-CG-MU-1 |

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner James Derrick Robertson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 100), the United States' Response in Opposition to Robertson's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 103), and Petitioner's Reply to Response (Doc. 106). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). Having considered all relevant pleadings and the applicable law, the undersigned recommends that Robertson's § 2255 motion be **DENIED** without an evidentiary hearing. *See, e.g., Means v. Sec'y, Dep't of Corr.,* 433 F. App'x 852, 855 (11th Cir. 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217 (2012); *Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing … 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976 (2011).

## **FINDINGS OF FACT**

In August of 2017, Robertson was charged in a federal indictment with three counts relating to child pornography, specifically, receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b) (count one), access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (count two), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (count three), and one count of obstruction of justice, in violation of 18 U.S.C. § 1519 (count four). (Doc. 41). An attorney on this Court's CJA panel was appointed to represent Robertson. (Doc. 5).

On September 20, 2017, Robertson notified the Court of his intent to plead guilty to counts one and four of the indictment. (Doc. 60). Robertson and his attorney signed the plea agreement on September 20, 2017, and filed it the following day. (Doc. 62). In the written plea agreement that he signed, Robertson acknowledged that he had the benefit of legal counsel in negotiating his plea agreement, that he had discussed the facts of the case with his attorney, that his attorney had explained the essential legal elements of the criminal charges that had been brought against him, and that his attorney had explained his understanding of the Government's evidence and the law as it related to the facts of his case. (*Id*. at p. 2). He further agreed that he understood that the United States had the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt, that he and his attorney had discussed possible defenses to the charge, that he believed that his attorney had represented him faithfully, skillfully, and diligently, and that he was completely satisfied with the legal advice of his attorney. (*Id*.). He agreed in the plea agreement that the Factual Resume, which was incorporated into the plea agreement, was true, correct, and accurate in every respect.

(*Id*. at pp. 3, 9). He further agreed that the plea of guilty was freely and voluntarily made, was not the result of force, threats, promises, or representations, apart from those representations set forth in the plea agreement, and that Robertson was pleading guilty because he was guilty. (*Id*. at p. 3).

The plea agreement stated that the maximum penalty the Court could impose as to count one was 5-20 years imprisonment, a fine not to exceed $250,000, a term of supervised release of five years to life, a mandatory assessment of $100, and restitution as ordered by the Court. (*Id*. at pp. 4-5). The plea agreement further stated that the Court would impose the sentence in this case, that the United States Sentencing Guidelines are advisory and do not bind the Court, that the defendant had reviewed the application of the Guidelines with his attorney and understood that no one could predict with certainty what the sentencing range would be in the case until after a pre-sentence investigation had been completed and the Court had ruled on the results of that investigation, that the defendant understood that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines, that the defendant understood that he would not be allowed to withdraw his guilty plea if the advisory guideline range was higher than expected, or if the Court departed or varied from the advisory guideline range, that the defendant understood that this Plea Agreement did not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and that he fully understood that determination of the sentencing range or guideline level and the actual sentence imposed was solely the discretion of the Court. (*Id*. at pp. 5-6).

The plea agreement that Robertson signed also stated that he stipulated and agreed that based on the Sex Offender Registration and Notification Act, he is a sex offender, that, pursuant to the Act, he is required to register as a sex offender and to keep the registration current in each jurisdiction where he resides, is an employee, or is a student, and that for initial registration, he was required to register in the jurisdiction in which he was convicted. (*Id*. at p. 6).

Robertson agreed that he would not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings, except he reserved the right to challenge his sentence on specific grounds and the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion. (*Id*. at p. 8). Robertson attested that he had consulted with his attorney and fully understood all his rights with respect to the offense charged, that he had read the plea agreement and carefully reviewed every part of it with his attorney, that he understood the agreement, and that he voluntarily agreed to it. (*Id*. at p. 10).

Robertson appeared before the Court for a guilty plea hearing, with his counsel, on September 21, 2017. Robertson was placed under oath and stated that he understood that he was under oath and that, if he answered any of the Court's questions falsely, his answers could be used against him later in a prosecution for perjury or for making a false statement. (Doc. 83 at pp. 2-3). During the hearing, he testified that he had been over the superseding indictment with his attorney, that he fully discussed those charges and the case in general with his lawyer, that he understood the charges pending against him, and that he was fully satisfied with his counsel, his representation, and the advice given to him by his counsel. (*Id*. at pp. 3-4). At the

4

direction of the Court, Robertson looked at his plea agreement and the attached factual resume[1] and testified that he signed both documents and that he had an opportunity to read and discuss the plea agreement and the factual resume with his lawyer before he signed them. (*Id*. at pp. 4-5). Robertson testified that he did not have any other agreements with the government other than what was in the plea agreement, that he understood the terms of the plea agreement, and that no one had made any promises or assurances to him of any kind that were not in the plea agreement to get him to accept the plea agreement. (*Id*. at p. 5).

Robertson testified that he understood that the Court could reject any recommendations in the plea agreement without allowing him to withdraw his guilty plea and that the Court could impose a sentence more severe than he might anticipate. (*Id*. at pp. 5-6). He testified that he understood that a conviction for the count one offense would "likely result in substantial future restrictions on where you may live or work and with whom you may associate." (*Id*. at p. 6). The Court advised Robertson that the maximum possible penalty the Court could impose upon conviction of count one was a minimum mandatory five years in prison up to a possible 20 years in prison and, as to count four, the maximum was up to 20 years in prison. (*Id*. at pp. 6-7). He stated that he understood these possible consequences of his guilty plea. (*Id*. at p. 7). Robertson

---

[1] In summary, the factual resume set forth these facts: Robertson worked at Demopolis High School in Demopolis, Alabama; the principal contacted authorities after receiving a complaint about Robertson; a search of his computer revealed four videos of teenage girls, under the age of 18, two of whom appeared unconscious, performing sexual acts with adult males; a search of his phone revealed two images of toddlers who were being vaginally penetrated by the penis of an adult male; and he downloaded a wiping program and deleted searches for child pornography, images of child pornography, and incriminating chats with minors after he learned of the investigation. (Doc. 62-1).

testified that he understood that the sentence imposed by the Court might be different from any estimate his lawyer or anybody else might have given him and that, after his guideline range had been determined, the Court had the authority to depart either upwards or downwards from that range and would examine statutory sentencing factors which might result in the imposition of a sentence either greater than or lesser that that called for by the sentencing guidelines. (*Id*. at pp. 7-8). Robertson further testified that he understood and agreed that by signing the factual resume he was agreeing that the Government could prove the facts set forth in it in support of his guilty plea. (*Id*. at p. 10).

After questioning Robertson and observing his demeanor, the Court found that he was "fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses." (*Id*. at p. 11). The guilty plea was accepted, and Robertson was found guilty. (*Id*.). On December 20, 2017, Robertson was sentenced to 235 months of imprisonment, with lifetime supervised release on count one, and three-years' supervised release on count four. (Doc. 78).

On December 22, 2018, Robertson filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 85). In that motion, Robertson alleged that he made known to his counsel, after sentencing, that he wanted his plea set aside and to appeal, that he refused to sign the notice of non-appeal, that a notice of non-appeal was not filed, and that no direct appeal was filed. (*Id.* at pp. 5-6; Docket Sheet). He sought to have his judgment set aside or, in the alternative, for the

Court to allow an out of time appeal of the judgment. (*Id.* at p. 7). The United States conceded that Robertson's § 2255 motion was due to be granted to permit him to file an out-of-time direct appeal with the Eleventh Circuit. (Doc. 90 at p. 2). Accordingly, on May 22, 2019, the Court granted Robertson's § 2255 motion to permit him to file an out-of-time appeal with the Eleventh Circuit. Robertson filed his Notice of Appeal on June 4, 2019. (Doc. 94).

On appeal, Robertson's sole argument was that the separate enhancements imposed under U.S.S.G. § 2G2.2(b)(2) and (4) that were applied in calculating his sentencing guideline range constituted impermissible double counting. *United States v. Robertson,* 795 F. App'x 698, 700 (11th Cir. 2019). The Eleventh Circuit held that Robertson's plea agreement foreclosed his appeal because he expressly waived the right to file a direct appeal, with only exceptions that did not cover his double counting argument. *Id*. The Eleventh Circuit noted that the plea agreement expressly warned that no one could predict with certainty what the sentencing range would be and that by accepting the terms of the plea agreement, "Robertson acknowledged he might disagree with the district court's calculation of his guidelines range, and that if he did, he would be unable to challenge it on appeal." *Id*. Accordingly, his appeal was dismissed.

On December 5, 2019, Robertson filed the instant motion to vacate in this Court. (Doc. 100). Robertson bases his motion to vacate on the sole allegation that his appointed counsel provided ineffective assistance of counsel. Specifically, he alleges that his attorney failed to explain properly the "extent of the secondary punishment" that would come from the Sex Offender Registration and Notification Act and failed to advise him correctly about his sentencing range under the Guidelines. (*Id*. at pp. 3-6).

7

Robertson alleges that, if he had been properly advised by counsel, he would not have entered a guilty plea. (*Id*. at p. 6).

## **CONCLUSIONS OF LAW**

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The sentence in this case was entered after a plea of guilty. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). This waiver includes claims of ineffective assistance of counsel that do not implicate the decision to plead guilty. *Id.; see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (holding that the defendant's "guilty plea was voluntary and knowingly made" and, therefore, he could not "attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea").

As indicated above, Robertson's sole claim is that constitutionally ineffective assistance of counsel during the guilty plea stage entitles him to the relief afforded by 28 U.S.C. § 2255. To establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that his attorney's representation fell below "an objective

standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Jones v. United States,* 478 F. App'x 536, 539-540 (11th Cir. 2011) ("To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.").[2] "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that she was prejudiced by that performance." *Demar v. United States,* 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets and citations omitted); *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926 (2002).[3]

> The performance prong of the ineffective assistance standard entails a deferential review of counsel's conduct. In assessing the reasonableness of counsel's performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Thus, the Sixth Amendment does not require criminal defense attorneys to take a nothing to lose approach and raise every available nonfrivolous defense.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] It is proper in considering claims made by a federal prisoner under § 2255 to look for guidance from cases discussing claims raised by state prisoners under 28 U.S.C. § 2254. *See Hagins v. United States,* 267 F.3d 1202, 1205 (11th Cir. 2001) (citing *Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000)), *cert. denied*, 537 U.S. 1022 (2002).

> With respect to prejudice, courts ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Means v. Sec'y, Dep't of Corr.,* 433 F. App'x 852, 855 (11th Cir. 2011) (internal quotation marks and citations omitted); *see also Pair v. Cummins,* 373 F. App'x 979, 981(11th Cir. 2010) ("The performance prong of an ineffective assistance claim requires the petitioner to show that, considering all the circumstances, his attorney's representation fell below an objective standard of reasonableness."). "Moreover, judicial review of an attorney's performance is highly deferential, and the court must eliminate the distorting effects of hindsight and evaluate performance from the attorney's perspective at the time the challenged conduct occurred." *Pair*, 373 F. App'x at 982. "The court must indulge a strong presumption that the attorney's conduct was objectively reasonable." *Id*. Indeed, to satisfy the first prong, "the petitioner must establish that no competent counsel would have taken the action that his counsel did take[.]" *Hall v. Thomas,* 611 F.3d 1259, 1290 (11th Cir. 2010) (quotation marks and citation omitted).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). The Eleventh Circuit has held that "'counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, as in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.'" *Carter v. United States,* 288 F. App'x 648, 649 (11th Cir. 2008) (quoting *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984)). With regard to the prejudice prong, the *Hill* Court, recognizing the fundamental interest in the finality of

guilty pleas identified in *United States v. Timmreck*, 441 U.S. 780, 784 (1979), held that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 58-59.

Given the two-prong nature of the test for adjudicating ineffective-assistance-of-counsel claims, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Johnson,* 256 F.3d at 1176 (citation omitted); *see also Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." (citations omitted)), *cert. denied,* 531 U.S. 1204 (2001). When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied*, 527 U.S. 1008 (1999); *see also Adamson v. United States,* 288 F. App'x 591, 594 (11th Cir. 2008) ("The defendant must satisfy both prongs of this test to show a Sixth Amendment violation; if the defendant fails to demonstrate one of these prongs sufficiently, we do not need to address the other."), *cert. denied,* 555 U.S. 1010 (2008); *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

Robertson claims in his § 2255 petition that his attorney's failure to explain properly the "extent of the secondary punishment" that would come from the Sex Offender Registration and Notification Act and failure to advise him correctly about his

sentencing range under the Guidelines constituted constitutionally deficient performance because, if he had been properly advised by counsel, he would not have entered a guilty plea. (Doc. 100 at pp. 3-6). To prevail on the prejudice prong, a petitioner "must demonstrate a **reasonable probability** that he or she would have gone to trial rather than enter the plea, but for counsel's errors." *Frazier v. United States*, Case No.: 5:15-cv-08012-RDP, 2017 WL 1364976, at *4 (N.D. Ala. 2017) (citing *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)). "[T]he petitioner's decision to reject the plea would have to be 'rational under the circumstances.'" *Id*. (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372)). Any prejudice potentially arising from "uncorrected 'significant misleading statements of counsel' related to the length of a potential sentence that prompt a defendant to plead guilty," can be offset by statements made by the Court during the plea colloquy. *See id.* at *4-5.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). At the commencement of the plea colloquy, Robertson was placed under oath and stated that he understood that he was under oath and that, if he answered any of the Court's questions falsely, his answers could be used against him later in a prosecution for perjury or for making a false statement. The foregoing review of the proceedings demonstrates that Robertson was fully informed of the nature of the charges against him and the consequences of a guilty plea to those charges and that he voluntarily pled guilty. He testified that he had read the factual resume, that the statements therein were true, and that he was pleading guilty because he was guilty. He further testified that he was not pleading guilty due to any promises or assurances made by his counsel. He was advised by the

Court of the possible sentencing range and that the Court was not bound by his attorney's nor the Government's recommendations. Robertson testified that he understood this. He was advised by the Court that pleading guilty to Count One would "likely result in substantial future restrictions on where you may live or work and with whom you may associate." Robertson testified that he understood this. Under these circumstances, Robertson cannot demonstrate that he was prejudiced by any misstatements his attorney may have made concerning sentencing or any information concerning the "secondary" effects of a child pornography conviction when the Court advised him of those matters during his plea colloquy and he stated that he understood and wanted to plead guilty. *See, e.g., Reed v. United States*, 792 F. App'x 676, 677 (11th Cir. 2019) (finding in favor of Respondent when Petitioner's arguments were refuted by his sworn statements at plea colloquy); *Gordon v. United States,* Crim. A. No. 15-00055-WS-N, 2018 WL 6006964, at * 5 (S.D. Ala. 2018) (no prejudice shown when alleged misstatements by counsel were corrected by Court during plea colloquy); see also *Frazier*, 2017 WL 1364976, at *6-7 (petitioner could not prevail on ineffectiveness of counsel claim when he swore at the plea colloquy that he was not induced by any promises or assurances, that he understood that the sentence imposed might be different from any estimate made by his counsel, and that he was pleading guilty because he was guilty); *Roux v. United States,* Nos. 2:07-cv-FtM-29SPC, etc., 2008 WL 2445794, at *6 (M.D. Fla. 2008) (attorney was not ineffective for alleged omissions concerning the effect of a guilty plea when the Court covered those topics during the plea colloquy).

Based on the foregoing, the undersigned recommends that Robertson's §2255 motion be **DENIED**.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on the merits of the alleged constitutional claim, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In this case, a reasonable jurist could not conclude that this Court is in error for denying Robertson's motion to vacate, nor could a reasonable jurist conclude that Robertson should be allowed to proceed further with respect to his constitutional claim. Accordingly, Robertson is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS** that Robertson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 100) be **DENIED** for the reasons stated above. Robertson is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **24th** day of **January, 2022**.

                                                   s/P. BRADLEY MURRAY
                                                   **UNITED STATES MAGISTRATE JUDGE**